# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.L.**

**No. 18-1052** (Kanawha County 18-JA-72)

**FILED**

**April 19, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.L., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's October 23, 2018, order terminating her parental rights to A.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Bryan B. Escue, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights instead of imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2018, the DHHR filed a petition alleging that petitioner physically abused newborn A.L.'s father and that she suffered from untreated mental health issues, including schizophrenia. According to the DHHR, petitioner and the father arrived in Charleston, West Virginia, by bus and she immediately went into labor. The DHHR alleged that the family was transient with no known address. Petitioner was found to be "somewhat" verbally aggressive and spoke to people in the room "who were not physically there." Finally, the DHHR alleged that petitioner's parental rights to her older children were terminated in Georgia.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Later in February of 2018, the circuit court held a preliminary hearing. The DHHR presented testimony consistent with the allegations in the petition. The father testified and confirmed that petitioner spoke to individuals who were not physically present and that she assaulted him twice during their relationship. Petitioner did not testify. The circuit court found that the child was in imminent danger at the time of the removal.

The circuit court held an adjudicatory hearing in April of 2018. The circuit court incorporated the evidence presented at the preliminary hearing and heard testimony from petitioner. The circuit court found that petitioner exposed the child to domestic violence and that, due to being homeless and transient, she had very sporadic prenatal care. Accordingly, the circuit court adjudicated petitioner as an abusing parent.

In July of 2018, the circuit court held the final dispositional hearing and petitioner did not appear, but was represented by counsel. The DHHR moved to terminate petitioner's parental rights and presented evidence that petitioner failed to participate in services provided to her. Petitioner's counsel argued that petitioner moved to Florida to be closer to the child, who was placed with her aunt, and desired that the proceedings and services be transferred to Florida.

Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future as petitioner "made no effort to rectify the circumstances that led to the filing of [the] [p]etition" and failed to follow through with a reasonable family case plan to prevent or reduce the abuse and neglect of the child. Further, the circuit court found that the child's best interests required the termination of petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental rights by its October 23, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The father's parental rights were also terminated. According to the parties, the permanency plan for the child is adoption in her current relative foster placement.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights instead of imposing a less-restrictive dispositional alternative. Petitioner asserts that she moved to Florida in order to help take care of the child and that the circuit court should have imposed a temporary guardianship until she could care for the child. We find no merit to petitioner's argument.

We have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child."

The record supports the circuit court's findings that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future and that termination was necessary for the child's welfare. The evidence showed that petitioner did not follow through with a reasonable family case plan as she failed to participate in any services. Petitioner also did not present any evidence that she attempted to remedy the conditions on her own. Ultimately, the circumstances that caused the abuse or neglect were essentially untreated. The child would be at risk of continued abuse or neglect if returned to petitioner's custody and, therefore, termination was necessary for the welfare of the child.

Although petitioner asserts that she returned to Florida in order to help care for the child, the record shows that petitioner continually called the DHHR to ask where the child was and expressed confusion over the child's placement. Petitioner's inability to show any substantial change during the course of these proceedings further supports the circuit court's findings. The circuit court's conclusion that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and its conclusion that termination was necessary for the welfare of the child are not clearly erroneous in light of the record provided.

Therefore, we find the circuit court did not err in terminating petitioner's parental rights instead of imposing a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 23, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: April 19, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4